**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CAROLYN VAN WORTH,

    Plaintiff,

vs.                              CASE NO. 3:02-cv-963-J-HTS

JO ANNE BARNHART,
Commissioner of the
Social Security
Administration,

    Defendant.

_____

**O R D E R**

This cause is before the Court on the Consent Motion for Award of Attorney Fees Under 42 U.S.C. Sec 406(b) (Doc. #29; Petition). It is represented Defendant has no objection to the amount sought in the Petition. Petition at 3.

The Petition requests the Court to award $4514.54 in fees to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b). *Id.* at 1. The $2995.38 in fees previously *granted* under the Equal Access to Justice Act (EAJA), *see* Order (Doc. #27) at 3, would then be refunded to Ms. Van Worth. *See* Petition at 1 n.1; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [§ 406(b) and EAJA], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186)(second

alteration in original)); *Bergen v. Comm'r of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006). A contingency fee agreement signed by Plaintiff in 2002 states:

> If Client is represented by Attorney in proceedings before the Appeals Council or before a Court, followed by a more favorable outcome, Client will pay Attorney a fee equal to 25% of any past due benefits . . . without limitation to $5,300.00. . . . If Client's claim goes to Court, Client also agrees to have Attorney apply for fees in such a manner as to maximize the fee paid to Attorney even though it may eliminate or decrease a fee refund under the Equal Access to Justice Act to which Client might otherwise have been entitled.

Fee Agreement, attached to the Petition as Exhibit A.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which does not exceed 25% of the past-due benefits awarded. Thus, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there

was unreasonable delay by the attorney, the size of the award in relationship to the time spent on the case, the quality of representation, and "the risk that the claimant would not prevail." *Id.; see Gisbrecht*, 535 U.S. at 808.

Having reviewed the record, the Court finds the requested fee is reasonable.  Here, Plaintiff and her counsel agreed to attorney's fees not to exceed 25% of past-due benefits.  The total amount actually sought by counsel equals 25% of the past-due benefits awarded.[1]  Counsel spent a total of 20.55 hours representing Plaintiff.  Plaintiff's Consent Petition for Attorney Fees (Doc. #24) at 1; Petition at 3.  In light of the time spent on the case, the requested fee is not so large as to result in a windfall for Plaintiff's counsel.[2]  *See Coppett*, 242 F. Supp. 2d at 1384-85 (finding reasonable a § 406(b) fee that amounted to payment of $350.49 per hour for attorney's representation of plaintiff before the court).  Further, a review of the record makes clear that counsel's representation was not substandard, and recovery was

---

[1] The Social Security Administration withheld 25% of Plaintiff's past-due benefits, in this case, $9814.54.  *See* Petition at 1 n.1; Exhibit C, attached to the Petition.  Based on the amount retained, the total past-due benefits awarded Plaintiff were $39,258.16.  Thus, the fee sought by counsel for work performed before the Court, $4514.54, amounts to 11.5% of Plaintiff's past-due benefits.  The total fee of $9814.54, including representation before the agency, equals 25% of these benefits.  *But cf. id.* at 3 ("The total fees that would actually be paid by the Plaintiff . . . would be less than 17.3% of the retroactive benefits.").

[2] As correctly indicated in the Petition, *see* Petition at 3, the fee counsel seeks amounts to an hourly rate of $219.69 for the work accomplished.

not guaranteed.  Thus, the Court finds the fee sought is reasonable.

Hence, the Petition (Doc. #29) is **GRANTED** and counsel for Plaintiff may receive $4514.54 in attorney's fees.  The $2995.38 awarded under EAJA, *see* Order (Doc. #27), is to be refunded to Plaintiff.  The Clerk of the Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of November, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
    *pro se* parties, if any